(Slip Opinion) OCTOBER TERM, 2013 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## HIGHMARK INC. *v.* ALLCARE HEALTH MANAGEMENT SYSTEM, INC.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

No. 12–1163.   Argued February 26, 2014 —Decided April 29, 2014

Petitioner Highmark Inc. moved for fees under the Patent Act's fee-shifting provision, which authorizes a district court to award attorney's fees to the prevailing party in "exceptional cases."  35 U. S. C. §285.  The District Court found the case "exceptional" and granted Highmark's motion.  The Federal Circuit, reviewing the District Court's determination *de novo*, reversed in part.

*Held*: All aspects of a district court's exceptional-case determination under §285 should be reviewed for abuse of discretion.  Prior to *Octane Fitness, LLC* v. *ICON Health & Fitness, Inc.*, *ante*, p. ___, this determination was governed by the framework established by the Federal Circuit in *Brooks Furniture Mfg., Inc.* v. *Dutailier Int'l, Inc.,* 393 F. 3d 1378.  *Octane* rejects the *Brooks Furniture* framework as unduly rigid and holds that district courts may make the exceptional-case determination under §285 in the exercise of their discretion.  The holding in *Octane* settles this case.  Decisions on "matters of discretion" are traditionally "reviewable for 'abuse of discretion,'" *Pierce* v. *Underwood*, 487 U. S. 552, 558, and this Court previously has held that to be the proper standard of review in cases involving similar determinations, see, *e.g.*, *id.,* at 559; *Cooter & Gell* v. *Hartmarx Corp.*, 496 U. S. 384, 405.  The exceptional-case determination is based on statutory text that "emphasizes the fact that the determination is for the district court," *Pierce,* 487 U. S., at 559; that court "is better positioned" to make the determination, *id.*, at 560; and the determination is "multifarious and novel," not susceptible to "useful generalization" of the sort that *de novo* review provides, and "likely to profit from the experience that an abuse-of discretion rule will permit to develop," *id.*, at 562.  Pp. 4–5.

Syllabus

687 F. 3d 1300, vacated and remanded.

SOTOMAYOR, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 12–1163

HIGHMARK INC., PETITIONER *v.* ALLCARE HEALTH MANAGEMENT SYSTEM, INC.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

[April 29, 2014]

JUSTICE SOTOMAYOR delivered the opinion of the Court.

Section 285 of the Patent Act provides: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U. S. C. §285. In *Brooks Furniture Mfg., Inc.* v. *Dutailier Int'l, Inc.*, 393 F. 3d 1378 (2005), the United States Court of Appeals for the Federal Circuit interpreted §285 as authorizing fee awards only in two circumstances. It held that "[a] case may be deemed exceptional" under §285 "when there has been some material inappropriate conduct," or when it is both "brought in subjective bad faith" and "objectively baseless." *Id.,* at 1381. We granted certiorari to determine whether an appellate court should accord deference to a district court's determination that litigation is "objectively baseless." On the basis of our opinion in *Octane Fitness, LLC* v. *ICON Health & Fitness, Inc.*, *ante*, p. \_\_\_, argued together with this case and also issued today, we hold that an appellate court should review all aspects of a district court's §285 determination for abuse of discretion.

I

Allcare Health Management System, Inc., owns U. S.

Patent No. 5,301,105 ('105 patent), which covers "utilization review" in "'managed health care systems.'"[1]    687
F. 3d 1300, 1306 (CA Fed 2012).  Highmark Inc., a health
insurance company, sued Allcare seeking a declaratory
judgment that the '105 patent was invalid and unenforceable and that, to the extent it was valid, Highmark's
actions were not infringing it.  Allcare counterclaimed for
patent infringement.  Both parties filed motions for summary judgment, and the District Court entered a final
judgment of noninfringement in favor of Highmark.  The
Federal Circuit affirmed.  329 Fed. Appx. 280 (2009) (*per
curiam*).

Highmark then moved for fees under §285.  The District
Court granted Highmark's motion.  706 F. Supp. 2d 713
(ND Tex. 2010).   The court reasoned that Allcare had
engaged in a pattern of "vexatious" and "deceitful" conduct
throughout the litigation.  *Id.,* at 737.  Specifically, it
found that Allcare had "pursued this suit as part of a
bigger plan to identify companies potentially infringing
the '105 patent under the guise of an informational survey, and then to force those companies to purchase a
license of the '105 patent under threat of litigation."  *Id.,*
at 736–737.  And it found that Allcare had "maintained
infringement claims [against Highmark] well after such
claims had been shown by its own experts to be without
merit" and had "asserted defenses it and its attorneys
knew to be frivolous."  *Id.,* at 737.  In a subsequent opinion, the District Court fixed the amount of the award at
$4,694,727.40 in attorney's fees and $209,626.56 in expenses, in addition to $375,400.05 in expert fees.  2010 WL
6432945, *7 (ND Tex., Nov. 5, 2010).

The Federal Circuit affirmed in part and reversed in

---

[1] "'Utilization review' is the process of determining whether a health
insurer should approve a particular treatment for a patient."  687 F. 3d,
at 1306.

part. 687 F. 3d 1300. It affirmed the District Court's exceptional-case determination with respect to the allegations that Highmark's system infringed one claim of the '105 patent, *id.,* at 1311–1313, but reversed the determination with respect to another claim of the patent, *id.,* at 1313–1315. In reversing the exceptional-case determination as to one claim, the court reviewed it *de novo.* The court held that because the question whether litigation is "objectively baseless" under *Brooks Furniture* "'is a question of law based on underlying mixed questions of law and fact,'" an objective-baselessness determination is reviewed on appeal "'*de novo*'" and "without deference." 687 F. 3d, at 1309; see also *ibid.,* n. 1. It then determined, contrary to the judgment of the District Court, that "Allcare's argument" as to claim construction "was not 'so unreasonable that no reasonable litigant could believe it would succeed.'" *Id.,* at 1315. The court further found that none of Allcare's conduct warranted an award of fees under the litigation-misconduct prong of *Brooks Furniture.* 687 F. 3d, at 1315–1319.

Judge Mayer dissented in part, disagreeing with the view "that no deference is owed to a district court's finding that the infringement claims asserted by a litigant at trial were objectively unreasonable." *Id.,* at 1319. He would have held that "reasonableness is a finding of fact which may be set aside only for clear error." *Ibid.* The Federal Circuit denied rehearing en banc, over the dissent of five judges. 701 F. 3d 1351 (2012). The dissenting judges criticized the court's decision to adopt a *de novo* standard of review for the "objectively baseless" determination as an impermissible invasion of the province of the district court. *Id.,* at 1357.

We granted certiorari, 570 U. S. \_\_\_ (2013), and now vacate and remand.

## II

Our opinion in *Octane Fitness, LLC* v. *ICON Health & Fitness, Inc.*, rejects the *Brooks Furniture* framework as unduly rigid and inconsistent with the text of §285. It holds, instead, that the word "exceptional" in §285 should be interpreted in accordance with its ordinary meaning. *Ante,* at 7. An "exceptional" case, it explains, "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Ante*, at 7–8. And it instructs that "[d]istrict courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Ante*, at 8. Our holding in *Octane* settles this case: Because §285 commits the determination whether a case is "exceptional" to the discretion of the district court, that decision is to be reviewed on appeal for abuse of discretion.

Traditionally, decisions on "questions of law" are "reviewable *de novo*," decisions on "questions of fact" are "reviewable for clear error," and decisions on "matters of discretion" are "reviewable for 'abuse of discretion.'" *Pierce* v. *Underwood*, 487 U. S. 552, 558 (1988). For reasons we explain in *Octane*, the determination whether a case is "exceptional" under §285 is a matter of discretion. And as in our prior cases involving similar determinations, the exceptional-case determination is to be reviewed only for abuse of discretion.[2] See *Pierce*, 487 U. S., at 559 (determinations whether a litigating position is "substan-

––––––––––

[2] The abuse-of-discretion standard does not preclude an appellate court's correction of a district court's legal or factual error: "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell* v. *Hartmarx Corp.*, 496 U. S. 384, 405 (1990).

tially justified" for purposes of fee-shifting under the Equal Access to Justice Act are to be reviewed for abuse of discretion); *Cooter & Gell* v. *Hartmarx Corp.*, 496 U. S. 384, 405 (1990) (sanctions under Federal Rule of Civil Procedure 11 are to be reviewed for abuse of discretion).

As in *Pierce*, the text of the statute "emphasizes the fact that the determination is for the district court," which "suggests some deference to the district court upon appeal," 487 U. S., at 559. As in *Pierce*, "as a matter of the sound administration of justice," the district court "is better positioned" to decide whether a case is exceptional, *id.,* at 559–560, because it lives with the case over a prolonged period of time. And as in *Pierce*, the question is "multifarious and novel," not susceptible to "useful generalization" of the sort that *de novo* review provides, and "likely to profit from the experience that an abuse-of-discretion rule will permit to develop," *id.,* at 562.

We therefore hold that an appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's §285 determination. Although questions of law may in some cases be relevant to the §285 inquiry, that inquiry generally is, at heart, "rooted in factual determinations," *Cooter*, 496 U. S., at 401.

\*    \*    \*

The judgment of the United States Court of Appeals for the Federal Circuit is vacated, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*